UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeannie F. Ball,

          Plaintiff,

v.

James A. Nilsson,

          Defendant.

Court File No. 18-cv-3458 (SRN/LIB)

**REPORT AND RECOMMENDATION**

This matter came before the undersigned United States Magistrate Judge pursuant to an Order of referral from the Honorable Susan R. Richardson, [Docket No. 4], made in accordance with the provisions of 28 U.S.C. § 636(b)(1), and upon James A. Nilsson's (hereinafter "Defendant Nilsson") Motion to Dismiss. [Docket No. 3].

On January 8, 2019, the Court established a briefing schedule for Defendant's Motion to Dismiss. (Order [Docket No. 6]). The Court held a Motions Hearing on March 5, 2019, and took Defendant's Motion to Dismiss, [Docket No. 3], under advisement. (Minute Entry [Docket No. 18]).

For the reasons discussed below, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 3], be **GRANTED**.

## I. PROCEDURAL HISTORY

Plaintiff, Jeannie F. Ball (hereinafter "Plaintiff Ball"), initiated the present action on December 21, 2018, by filing her pro se Complaint. (Compl. [Docket No. 1]).

On January 2, 2019, Defendant Nilsson filed the present Motion to Dismiss. [Docket No. 3].

On January 3, 2019, the Honorable Susan R. Nelson referred the Motion to Dismiss to the undersigned for Report and Recommendation, and the undersigned thereafter issued a briefing schedule. [Docket Nos. 4, 6].

On January 30, 2019, Plaintiff Ball filed her opposition to Defendant Nilsson's motion. [Docket No. 8]. On February 11, 2019, Defendant Nilsson filed his reply. [Docket No. 11].

On March 5, 2019, the Court held a motions hearing. (Minute Entry [Docket No. 18]). At the motions hearing, both parties represented themselves and the Court took the Motion to Dismiss, [Docket No. 3], under advisement.

## II. BACKGROUND

Plaintiff Ball and Defendant Nilsson are neighboring property owners in Duluth, Minnesota. (See, Mot. to Dismiss, [Docket No. 3], at 3).

In October 2015, Defendant Nilsson initiated a separate lawsuit against Plaintiff Ball in the State of Minnesota, District Court, St. Louis County (hereinafter "Minnesota State District Court"). (Def.'s Ex. 23 [Docket No. 14-2]).[1] The lawsuit concerns a boundary line dispute between Plaintiff Ball's and Defendant Nilsson's neighboring properties in Duluth, Minnesota. (Id.).

On November 23, 2016, the Minnesota State District Court entered judgment in favor of Defendant Nilsson in the state case. (Id. at 3). Specifically, the Minnesota State District Court declared that Defendant Nilsson was the exclusive owner of the disputed property, found no issues of material fact on his trespass and ejectment claims, and awarded him damages on his trespass claim. (Id.). Plaintiff Ball thereafter appealed that state court case. (Plf.'s Ex. 1 [Docket No. 9]).

---

[1] The Court may consider Minnesota State District Court Case Number 69DU-CV-15-2911, (Def.'s Ex. 23 [Docket No. 14-2]), without converting the present Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) to motions for summary judgment because the state court case is necessarily embraced by the Complaint. See, Ryan v. Ryan, 889 F.3d 499, 505 (8th Cir. 2018) ("[D]ocuments 'necessarily embraced by the complaint' may be considered in ruling on a Rule 12(b)(6) motion to dismiss."); Paisley Park Enterprises, Inc. v. Boxill, 299 F. Supp. 3d 1074, 1082 (D. Minn. 2017) (holding that under Rule 12(b)(6), the viability of the claims are determined on the face of the complaint, which "includes public records and materials attached to or necessarily embraced by the complaint").

On January 30, 2019, the Minnesota Court of Appeals reversed and remanded the Minnesota State District Court. (Id.). The parties were next set to appear in Minnesota State District Court on March 7, 2019. (Def.'s Mot., [Docket No. 3], at 3).

In the present Federal Court case, Plaintiff Ball makes several generalized allegations against Defendant Nilsson in her Complaint. Plaintiff Ball alleges that: (1) Defendant Nilsson has intruded in the lives of herself, her daughters, and her friends; (2) Defendant Nilsson has "repeatedly [and] intentionally committed acts against" her and her family, "causing [them] harm"; (3) Defendant Nilsson has repeatedly trespassed or sent people to her property to trespass"; (4) Defendant Nilsson has "repeatedly committed acts that to this day make [her] feel unsafe, unsecure, [and] scared on [her] property; (5) Defendant Nilsson has repeatedly made false statements about Plaintiff Ball; (6) Defendant Nilsson has maliciously written and submitted false or private information about Plaintiff Ball; (7) Defendant Nilsson has exercised control over Plaintiff Ball's property without her permission, causing her distress; and (8) "[d]ue process of the law has been intentionally violated several times causing distress, safety, violating laws." (Compl. [Docket No. 1]).

In her response to the present Motion to Dismiss, Plaintiff Ball makes additional factual allegations against Defendant Nilsson. Specifically, Plaintiff Ball alleges that Defendant Nilsson has fired his gun thus violating ordinances, sent the sheriff to her property, and unplugged her septic system. (Plf.'s Resp. [Docket No. 8]).

On the basis of the foregoing, general factual allegations, liberally construing the pro se Complaint, Plaintiff Ball asserts claims against Defendant Nilsson for invasion of privacy, intentional infliction of emotional distress, trespass, conversion, defamation, violations of her due

process rights and the takings clause of the Fifth Amendment, and for violation of her due process rights under the Fourteenth Amendment. (See, Compl. [Docket No. 1]).

### III.   DEFENDANT'S MOTION TO DISMISS. [DOCKET NO. 3].

Defendant Nilsson argues that this Court lacks subject matter jurisdiction and that Plaintiff Ball has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. [Docket No. 3]).

In opposition to the present motion, Plaintiff Ball argues that Defendant Nilsson has "harassed, threatened, scared, [and] violated rights of [her] and [her] family members" and that her claims involve "violations of due process." (Plf.'s Resp. [Docket No. 8]).

#### A.  Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), courts "look only to the facts alleged in the complaint and construe those facts in the light most favorable to the plaintiff." Riley v. St. Louis Cty. of Mo., 153 F.3d 627, 629 (8th Cir. 1998) (citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir 1998)), cert. denied 525 U.S. 1178 (1999). Courts must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F. 3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556–57). When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" the claims against a defendant "across the line from conceivable to plausible," they may disregard mere legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81.

Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted). See, e.g., Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).

**B. Analysis**

In his Motion to Dismiss, Defendant Nilsson argues that Plaintiff has failed to state a claim upon which relief can be granted and that any action by this Court would interfere with the boundary line lawsuit pending in Minnesota State District Court. (Mot. to Dismiss, [Docket No. 3], at 3).

In her response to the present motion, Plaintiff Ball generically argues that her claims involve "violations of due process." (Plf.'s Resp. [Docket No. 8]). Plaintiff Ball likewise states in her present Complaint that "[d]ue process of the law has been intentionally violated several times

5

causing distress, safety, violating law. Conspires against rights color of law." (Compl. [Docket No. 1]) (errors in original). At the motions hearing, Plaintiff Ball stated that both her substantive due process rights and procedural due process rights were violated by Defendant Nilsson's conduct. (March 5, 2019, Motions Hearing, Digital Recording at 2:06–2:07 p.m.). To support her argument, at the motions hearing, Plaintiff solely argued that Defendant was acting without the permission of the Minnesota State District Court. (Id.).

In reviewing Plaintiff Ball's pro se Complaint, the Court is mindful of case law that requires the Court to liberally construe pleadings in favor of a pro se litigant. See, Stone, 364 F.3d at 914. Accordingly, although the factual allegations in Plaintiff's Complaint are sparse, the allegations may be liberally construed in Plaintiff Ball's favor as attempting to set forth the following Federal claims: a substantive due process and takings claim under the Fifth Amendment, as well as, a procedural due process claim under the Fourteenth Amendment.

    **i.  Fifth Amendment**

As previously mentioned, in liberally construing Plaintiff's Complaint, the Court finds that Plaintiff has arguably attempted to plead a claim under the Fifth Amendment for violation of her substantive due process rights and the takings clause. The Fifth Amendment protects against deprivations of property without due process of law. U.S. Const. Amend. V. However, the Fifth Amendment only applies to actions of the government, not those of private actors. See, Public Utils. Comm'n v. Pollak, 343 U.S. 451, 461 (1952); Allen v. Wilford & Geske, No. 10-cv-4747 (JRT/JSM), 2010 WL 4983487, at *2 (D. Minn. Dec. 2, 2010); CitiMortgage, Inc. v. Kraetzner, No. 12-cv-1524 (JRT/TNL), 2013 WL 64614, at *2 (D. Minn. Jan. 4, 2013). The standard for finding government action under the Fifth Amendment is the same as that for finding state action under the Fourteenth Amendment. See, e.g., Warren v. Gov't Nat. Mortg. Ass'n, 611 F.2d 1229,

1232 (8th Cir. 1980). That standard is that there must exist "a sufficiently close nexus between the [government] and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the [government] itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974).

In her response to the present motion, Plaintiff Ball argues that she has stated a plausible claim for relief because this case involves "[t]he right to be left alone, [t]he right to live without fear, [t]he right not to be slandered and defamed to anyone that will listen that results in negative harmful actions against me." (Plf.'s Resp. [Docket No. 8]).

However, even accepting all of Plaintiff Ball's factual allegations as true, Plaintiff has not made any specific factual allegations that would support the claim that Defendant Nilsson was a government actor or in any way engaged in government action under the Fifth Amendment at the times Plaintiff attempts to complain about in her Complaint.

Instead, Plaintiff Ball's Complaint here simply alleges that Defendant Nilsson has harassed her in his private capacity as the adjoining land owner during their boundary line dispute. Plaintiff Ball does not reference anywhere in her Complaint that Defendant Nilsson was a government actor or in any way engaged in government action. Rather, Plaintiff first referenced that Defendant Nilsson is employed as a police officer in her briefing response to the present motion, and then, only indicating that he had once previously been sued in an unrelated case in his official capacity as a police officer. Being a police officer, however, does not alone mean that Defendant Nilsson was acting under the color of state law at the time of the conduct alleged in the present Complaint. See, Awnings v. Fullerton, 2016 WL 3906623, at *3 (D. Neb. July 14, 2016) (finding that the defendants' mere occupation as police officers was insufficient to show that they were acting under the color of law).

Nowhere in her Complaint does Plaintiff Ball allege that Defendant Nilsson's actions about which she complains were at any time undertaken in his capacity as a police officer. Similarly, at the motions hearing, while Plaintiff Ball referenced that Defendant Nilsson was employed as a police officer, she did not ever allege that his conduct set forth in her Complaint was in any way related to his official capacity. Thus, even accepting all of Plaintiff Ball's factual allegations in her Complaint as true, this still does not show that Defendant Nilsson was a government actor or in any way engaged in government action under the Fifth Amendment.

Additionally, assuming solely for the sake of argument that the Court had found that Defendant Nilsson was a government actor or engaged in government action, to the extent that Plaintiff's Complaint can be construed as a takings claim under the Fifth Amendment, Plaintiff has still failed to sufficiently state a claim.

Here, the parties have acknowledged the still pending and ongoing Minnesota State District Court case involving their property line dispute, and consequently, no property has actually yet been taken from Plaintiff Ball. No taking of property has occurred, by the government or otherwise, that could potentially be construed as a violation of the takings clause of the Fifth Amendment. Furthermore, a taking for purposes of the Fifth Amendment only occurs where the government acts to take property, as opposed to disputes over land between private actors as is the case in the state court below. See, First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal., 482 U.S. 304, 316 (1987) (noting that a taking occurs when the government, as opposed to a private actor, acts to condemn property).

Lastly, even if this Court found that Defendant Nilsson was a government actor at the time of the actions alleged in the Complaint for purposes of the Fifth Amendment, this Court should abstain from exercising jurisdiction.

In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the United States Supreme Court set forth the Colorado River abstention doctrine, which grants a federal court the discretion to abstain from exercising jurisdiction over a duplicate and subsequently filed case in federal court concerning a matter that is more properly decided in an already ongoing parallel case in state court.

In the present case, it is clear that this case arises out of the parties' dispute as neighboring landowners and directly relates to the property line dispute being litigated in the Minnesota State District Court. At the motions hearing, every argument advanced by Plaintiff Ball arose out of or relates to the parties' property line dispute still being adjudicated by the Minnesota State District Court.

Accordingly, on the present record, in addition to Plaintiff Ball's failure to plead sufficiently a claim upon which relief could be granted as required by Rule 12(b)(6), the abstention doctrine also weighs strongly in favor of this Court **GRANTING** the motion to dismiss without prejudice as to Plaintiff's Fifth Amendment substantive due process takings claim.

    **ii.    Fourteenth Amendment**

Liberally construing Plaintiff's Complaint, the Court also finds that Plaintiff has attempted to bring a claim under the procedural due process clause of the Fourteenth Amendment.

The Fourteenth Amendment exclusively protects individuals against governmental misconduct. See, Montano v. Hedgepeth, 120 F.3d 844, 847 (8th Cir. 1997). It is well-established that "[t]here is simply no cause of action for a private violation of constitutional privileges in the absence of state action." Daniels v. National City Bank, 947 F.2d 944 (6th Cir. 1991); Krukemyer v. Forcum, 475 F. App'x 563, 566 ("Indeed, there is no constitutional right to be free from harm inflicted by private actors."); Stevens v. Braniff Airways, Inc., 490 F. Supp. 231, 233 (D. Minn.

9

1980) ("Where a claim is presented under the Fourteenth Amendment, it is well established that plaintiff must show that state action is involved."); McCrory v. Rapides Reg'l Med. Ctr., 635 F. Supp. 975, 980 (W.D. La. 1986) ("Mere private action, no matter how discriminatory or wrongful, does not give rise to a constitutionally based [private] cause of action."); Luther v. Am. Nat. Bank of Minnesota, No. 12-cv-1085 (MJD/LIB), 2012 WL 5471123, at *4 (D. Minn. Oct. 11, 2012). Thus, to successfully assert such a claim, Plaintiff must at the outset plead sufficient facts demonstrating that Defendant was acting under the color of state law. See, West v. Atkins, 487 U.S. 42, 48 (1988).

In her response to the present motion to dismiss, Plaintiff Ball argues that she has stated a plausible claim for relief because "[t]his suit is not about the property line issue but is about ongoing violations of due process." (Plf.'s Resp. [Docket No. 8]). To support her procedural due process claim at the motions hearing, Plaintiff Ball solely argued that Defendant Nilsson was acting without the permission of the Minnesota State District Court. (March 5, 2019, Motions Hearing, Digital Recording at 2:06–2:07 p.m.).

Even accepting all of Plaintiff Ball's factual allegations as true, as already noted, Plaintiff has not made any specific factual allegations that would support a claim that Defendant Nilsson was a state actor or in any way engaged in state action under the Fourteenth Amendment at the time of the conduct alleged in the Complaint.

As previously discussed, although Plaintiff Ball passively referenced at the motions hearing and in her brief that Defendant is employed as a police officer, nowhere in her Complaint or elsewhere has Plaintiff alleged that at any time set forth in the Complaint that Defendant Nilsson was acting in his official capacity as a police officer. Accordingly, even accepting Plaintiff Ball's

10

factual allegations as true, the Complaint still does not show that Defendant was a state actor or in any way engaged in state action as required under the Fourteenth Amendment.

As previously explained, where a claim is asserted under the Fourteenth Amendment, it is well established that Plaintiff must show that state action is involved. See, Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974). In Sain v. Geske, No. 07-cv-4203 (MJD/AJB), 2008 WL 2811166, at *14 (D. Minn. July 17, 2008), for example, the Court dismissed the plaintiff's Fourteenth Amendment claim against the defendants who were private corporations where the plaintiff failed to allege that the defendants were engaged in state action. In Sain, the plaintiff did not allege any facts that would support a claim that two private defendants were acting under color of state law at any time. Id. at *13. Rather, the plaintiff only alleged that the private defendants were "in cahoots" with the government defendants. Id. The Court ultimately held that the mere conclusory allegation that private defendants had been in contact with the government defendants was insufficient to support a claim that the private defendants were acting under color of state law. Id. Therefore, the Sain Court dismissed the plaintiff's Fourteenth Amendment claim. Id.

Similar to Sain, Plaintiff Ball in the present case has failed to allege facts in her Complaint that Defendant Nilsson was engaged in state action or acted under the color of state law. In fact, Plaintiff Ball's Complaint makes no reference or mention of Defendant Nilsson's employment as a police officer whatsoever.

Thus, reading the Complaint as a whole, taking all purported factual allegations therein as true, considering them in the light most favorable to Plaintiff Ball, and drawing all reasonable inferences in her favor, Plaintiff Ball has failed to make sufficient specific factual allegations to support a plausible claim that Defendant Nilsson was at any time a state actor or otherwise acting under the color of state law.

Therefore, for all the foregoing reasons, to the extent Defendant Nilsson's Motion to Dismiss seeks dismissal of Plaintiff's claim alleging a violation of the Fourteenth Amendment, the Court also recommends Defendant's Motion to Dismiss, [Docket No. 3], be **GRANTED** without prejudice.

### iii. Plaintiff's State Law Claims

Remaining before the Court as part of Plaintiff's pro se Complaint, [Docket No. 1], are Plaintiff Ball's various state law claims against Defendant Nilsson for invasion of privacy, intentional infliction of emotional distress, trespass, conversion, and defamation. (See, Compl. [Docket No. 1]).

Supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) by a federal court over state law claims may be exercised at the discretion of the District Court. Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009). "[Supplemental jurisdiction] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a Federal Court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id. If it appears that state issues substantially predominate, courts have tended towards dismissing said state law claims without prejudice, to be left for resolution by the state courts. Id.

Because this Court recommends dismissing without prejudice Plaintiff's only arguable Federal law claims, the Court also recommends that the District Judge decline to exercise supplemental jurisdiction over all the remaining state law claims. See, Gregoire v. Class, 236 F.3d

12

413, 419–20 (8th Cir. 2000) (stating Federal Courts should exercise judicial restraint and avoid state law issues whenever possible).

Therefore, the undersigned recommends that Plaintiff Ball's Complaint be **DISMISSED** without prejudice in its entirety.

## IV. CONCLUSION

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant Nilsson's Motion to Dismiss, [Docket No. 3], be **GRANTED**;

2. Plaintiff Ball's Fifth Amendment claim be **DISMISSED** without prejudice;

3. Plaintiff Ball's Fourteenth Amendment claim be **DISMISSED** without prejudice; and

4. Plaintiff Ball's remaining state law claims be **DISMISSED** without prejudice.


Dated: April 5, 2019                     s/Leo I. Brisbois
                                         Leo I. Brisbois
                                         U.S. MAGISTRATE JUDGE


### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).