## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeannie F. Ball,<br><br>            Plaintiff,<br><br>v.<br><br>James A. Nilsson,<br><br>            Defendant. | Case No. 18-cv-3458 (SRN/LIB)<br><br><br>**AMENDED[i]<br>MEMORANDUM OPINION<br>AND ORDER ON REPORT AND<br>RECOMMENDATION** |

Jeannie F. Ball, 515 East 10th Street, Duluth, MN 55805, pro se.

James Arthur Nilsson, 4430 Martin Road, Duluth, MN 55803, pro se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Jeannie F. Ball's Objections [Doc. No. 20] to the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois [Doc. No. 19] recommending that this Court grant Defendant James A. Nilsson's Motion to Dismiss [Doc. No. 3]. For the reasons set forth below, this Court overrules Plaintiff's Objections, adopts the R&R in its entirety, and grants Defendant's Motion to Dismiss.

## I.    Background

Plaintiff and Defendant are neighboring property owners in Duluth, Minnesota. (Def.'s Mot. to Dismiss at 3.) In October 2015, Defendant filed a lawsuit against Plaintiff over a property line dispute in St. Louis County District Court. (Def.'s Reply, Ex. 23 [Doc. No. 14-2].) A little over a year later, on November 23, 2016, the state court judge

entered judgment in favor of Defendant finding that he was the exclusive owner of the disputed property, that there were no issues of material fact on his trespass and ejectment claims, and awarded him damages on his trespass claim. (*Id.* at 3.)

Plaintiff appealed. On January 20, 2019, the Minnesota State Court of Appeals reversed and remanded the case. (Pl.'s Resp. in Opp. to Mot. to Dismiss, Ex. 1 [Doc. No. 9].) The parties were set to appear again in St. Louis County District Court on March 7, 2019. (Def.'s Mot. to Dismiss at 3.)

On December 21, 2018, Plaintiff filed this case in federal court. Plaintiff makes several allegations against Defendant, which liberally construed, are claims that Defendant violated her substantive due process rights and the takings clause under the Fifth Amendment, violated her procedural due process rights under the Fourteenth Amendment, and state law claims for invasion of privacy, intentional infliction of emotional distress, trespass, conversion, and defamation.[1] (Compl. at 3–4.)

Defendant now moves to dismiss, arguing that the Court lacks subject matter

---

[1] Specifically, Plaintiff alleges that: (1) Defendant has intruded in the lives of herself, her daughters, and her friends; (2) Defendant has "repeatedly [and] intentionally committed acts against" her and her family, "causing [them] harm"; (3) Defendant has repeatedly trespassed or sent people to her property to trespass; (4) Defendant has "repeatedly committed acts that to this day make [her] feel unsafe, unsecure, [and] scared on [her] property"; (5) Defendant has repeatedly made false statements about Plaintiff; (6) Defendant has maliciously written and submitted false or private information about Plaintiff; (7) Defendant has exercised control over Plaintiff's property without her permission, causing her distress; and (8) "[d]ue process of the law has been intentionally violated several times causing distress, safety, violating laws." (Compl. [Doc. No. 1] at 4.) In addition, Plaintiff's response to Defendant's Motion to Dismiss also alleges that Defendant has fired his gun thus violating ordinances, sent the sheriff to her property, and unplugged her septic system. (Plf.'s Resp. in Opp. to Mot. to Dismiss [Docket No. 8]).

jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss. at 3.)

On April 5, 2019, Magistrate Judge Brisbois recommended granting Defendant's Motion to Dismiss. (R&R at 13.) Plaintiff timely objected. Defendant responded to Plaintiff's Objections [Doc. No. 23]. In his response, Defendant asserts the R&R correctly recommended that this Court grant his Motion to Dismiss because Plaintiff's claims are without merit. (Def.'s Resp. to Plaintiff's Obj. at 1–2.)

## II.    Discussion

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Success need not be probable to survive a motion to dismiss, but there must be more than the "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. However, "legal conclusions or 'formulaic recitation of the elements of a cause of action'. . . may properly be set aside." *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). When considering a 12(b)(6) motion, the district court accepts as true all factual allegations in the complaint and grants all reasonable inferences in favor of the nonmoving party. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).

"[A] pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties.'" *Gertsner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (quoting *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010)). Nevertheless, pro se complaints must still contain sufficient facts to support the claims alleged. *Id.*

## A. Fifth Amendment Claim

Plaintiff objects to the recommendation that her Fifth Amendment claim should be dismissed. (Obj. at 2, 4.) Construing the Plaintiff's Complaint and Objections liberally, Plaintiff argues that she has been "deprived of [her] property" and that her substantive due process rights have been violated. (*Id.* at 2; Compl. at 4.)

"No person . . . shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Const. Amend. V. The Fifth Amendment, however, only applies to

4

actions of the government, not those of private actors. *CitiMortgage, Inc. v. Kraetzner*, No. 12-cv-1524 (JRT/TNL), 2013 WL 64614, at *2 (D. Minn. Jan. 4, 2013) (citing *Public Utils. Comm'n v. Pollak*, 343 U.S. 451, 461 (1952)). There must be "a sufficiently close nexus" between the government and "the challenged action of the regulated entity," to find that a government action occurred under the Fifth Amendment. *Warren v. Gov't Nat. Mortg. Ass'n*, 611 F.2d 1229, 1232 (8th Cir. 1980).

Accepting all of Plaintiff's allegations as true, there are no factual allegations to support her claim that a government action occurred under the Fifth Amendment. Specifically, there is no sufficiently close nexus between the government and the challenged action of Defendant. Plaintiff asserts that Defendant harassed her due to the property boundary line dispute between their homes. (Compl. at 4.) Although Defendant is employed as a police officer, nowhere in her Complaint has Plaintiff asserted that any of the alleged conduct took place while Defendant was acting in his capacity as a police officer. In order for a government action to have occurred, Defendant would have had to be acting under the color of the law at the time of the purported offense. *See Awnings v. Fullerton*, 2016 WL 3906623, at *3 (D. Neb. July 14, 2016).

Moreover, even if Defendant had been engaged in government action, no property has been taken from Plaintiff as there is a pending and ongoing St. Louis County District Court case between Plaintiff and Defendant. A taking does not occur when two private actors are in dispute over land. *First English Evangelical Lutheran Church of Glendale v. Los Angeles Cnty., Cal.*, 482 U.S. 304, 316 (1987) (noting that a taking only occurs when the government acts to condemn property). Additionally, federal courts have the

discretion to abstain from exercising jurisdiction over duplicate and subsequent cases that already have parallel proceedings in state court. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

Therefore, Plaintiff has not sufficiently plead a Fifth Amendment claim upon which relief can be granted.

### B.    Fourteenth Amendment Claim

Plaintiff objects to the recommendation that her Fourteenth Amendment claim should be dismissed. (Obj. at 2.) Construing the Plaintiff's Complaint and Objections liberally, Plaintiff argues her procedural due process rights have been violated. (*Id.*; Compl. at 4.) Specifically, Plaintiff contends that Defendant acted without the permission of St. Louis County District Court. (R&R at 10.)

The Fourteenth Amendment protects individuals against deprivation of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. However, it only protects citizens against governmental misconduct, not private actors. *See Sain v. Geske*, No. 07-cv-4203 (MJD/AJB), 2008 WL 2811166, at *14 (D. Minn. July 17, 2008).

As previously discussed, Plaintiff has not alleged any specific facts that support her claim that a government action occurred in this case. Again, although Defendant is employed as a police officer, Plaintiff has not asserted in her Complaint that any of the alleged conduct took place while Defendant was acting in the course of his duties as a police officer. Plaintiff has not sufficiently plead a Fourteenth Amendment claim upon which relief can be granted.

### C.     State Law Claims

Plaintiff objects to the recommendation that her state law claims be dismissed. (Obj. at 1.) Construing the Plaintiff's Complaint and Objections liberally, Plaintiff has alleged various state law claims against Defendants such as invasion of privacy, intentional infliction of emotional distress, trespass, conversion, and defamation. (*Id.*; Compl. at 3.)

Under 28 U.S.C. § 1367, in any civil action in which a federal district court has original jurisdiction, it also has supplemental jurisdiction over related state law claims that form part of the same case or controversy. Once claims over which a district court has original jurisdiction are dismissed, it is left to the court's discretion whether to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3).

Ordinarily, the state claims are "dismissed without prejudice to avoid needless decisions of state law . . . as a matter of comity." *ACLU v. City of Florissant*, 186 F.3d 1095, 1098–99 (8th Cir. 1999). Moreover, if issues of "judicial economy, convenience[,] and fairness to litigants" do not arise, a federal court should be hesitant to exercise supplemental jurisdiction over state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). District courts "need to exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul,* 912 F.2d 215, 220 (8th Cir. 1990).

Here, the Court has dismissed each of Plaintiff's putative federal law claims and neither judicial economy, convenience, nor fairness to the litigants weighs in favor of this

Court exercising supplemental jurisdiction over Plaintiff's remaining state law claims.

Therefore, Plaintiff's state law claims are dismissed without prejudice.

## III.  Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 20] are **OVERRULED**; and

2. Magistrate Judge Brisbois's Order [Doc. No. 19] is **ADOPTED** in its entirety;

3. Defendant's Motion to Dismiss [Doc. No. 3] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 27, 2019             <u>s/ Susan Richard Nelson</u>
                                              SUSAN RICHARD NELSON
                                              United States District Judge

---

[i] Amended 7/1/19 only to direct the Clerk of Court to enter judgment.